United States District Court
Eastern District of New York
-------------------------------------------------------------------X  1:17-cv-5191
Josh Davis, individually and on behalf
of all others similarly situated,

                            Plaintiff,

        - against -                                      Complaint

The Hain Celestial Group, Inc. and Hain Blueprint, Inc.,

                            Defendants.
-------------------------------------------------------------------X

      Josh Davis ("plaintiff") individually and on behalf of all others similarly situated, by attorneys, alleges upon information and belief, except for those allegations pertaining to plaintiff, which are based on personal knowledge:

      1.      The Hain Celestial Group, Inc. ("defendant Hain Celestial") and Hain Blueprint, Inc. ("defendant Hain BluePrint") (collectively, "defendants") manufacture and sell a variety of beverage products under the "BluePrint" brand name.

      2.      The relevant product lines to this action include "BluePrint Cold Pressed Juice" and "BluePrint Organic" (the "Product Lines"), sold in brick-and-mortar stores and online, by defendants and third-parties.[1]

      3.      The individual products are 16-ounce fruit and vegetable juice blends.

      4.      Defendants refer to the BluePrint Cold Pressed Juice product line as "Juice" and the BluePrint Organic product line as a "Fruit Drink."

      5.      The BluePrint Cold Pressed Juice product line consists of products identified by colored graphics and icons. For example, the "orange" product has orange-colored

---

[1] "Products" shall refer to the products which comprise the BluePrint Cold Pressed Juice product line and the BluePrint Organic product line. Otherwise, the designations will be to either the BluePrint Cold Pressed Juice products or the BluePrint Organic products.

graphics and includes "carrot" as the first ingredient.

6.    The BluePrint Organic line consists of products with fanciful names, such as "Dandelion Drive," which lists dandelion among its ingredients.

7.    The Products vertically list their ingredients on the principal display panel.

8.    The BluePrint Cold Pressed Juice line is represented as "Raw and Organic" in a circular icon on the front label, which reflects the color label ascribed to the product.

9.    The BluePrint Organic line is represented as a "Raw Vegetable & Fruit Drink" on the front label.

10.   The below table contains the challenged representations and their location:

| **BluePrint Cold Pressed Juice** | **BluePrint Organic** | **Location** |
| --- | --- | --- |
| Raw | Raw | Principal Display Panel |
| Cold Pressed Juice | | Principal Display Panel |
| Manifreshto | | Supplemental Information Panel |

11.   The BluePrint Cold Pressed Juice products are identified as "Cold Pressed Juice" on the principal display panel while the BluePrint Organic products are described on their supplemental information panels as being "Made with cold pressed juice" or "crafted with cold pressed juice."

12.   Cold pressing is the first main production step used to manufacture the Products.  This entails the shredding of fruits and vegetables into a pulp, which is deposited into a filter bag.  Multiple tons of hydraulic pressure are applied to the bag, causing juice and water to drip into a collection tray, before being bottled.

13.   Upon information and belief, the lemon juice contained in the Products may be manufactured by a third-party through different production methods and added to the juice prior to the subsequent production step.

14. The second step is high pressure processing, where the bottles are subjected to pressure up to 87,000 pounds per square inch ("psi"), during which time the bottles' contents increase slightly in temperature due to the associated pressure treatment.

15. The high pressure process causes a compositional change to the Products by reducing the microbial, enzymatic and bacterial activity and intact cellular structures which existed in the juice after extraction and prior to high pressure treatment.

16. High pressure processing is a preservation method which increases the Products' shelf-life from three to five days to approximately six weeks.

17. Defendants misrepresent the BluePrint Cold Pressed Juice products by identifying, labeling and describing the final product as "Cold Pressed Juice" on the front label. Because the juice extracted through being cold pressed only exists at an intermediate stage before it is processed, "Cold Pressed Juice" is neither a common or usual name or an appropriate descriptive term for these products.

18. Additionally, it is misleading to even describe the entirety of the BluePrint Cold Pressed Juice as "cold pressed" because the lemon juice is manufactured differently.

19. The labeling and identification of the BluePrint Cold Pressed Juice products with the term "Cold Pressed" preceding and modifying "Juice" is not uniform to identical or similar products that are manufactured with the same two production steps, which renders their labeling misleading and deceptive.

20. The Food and Drug Administration ("FDA") has stated that when a label uses the word "fresh," separately or as part of a product's branding, in a manner to suggest or imply the food is unprocessed, it means that the food is in its raw state and has not been


subject to a form of preservation.[2]

21. This definition of fresh is particularly applicable here, because consumers can purchase juice expressed from fruits and vegetables that has not been subjected to any form of preservation.

22. Defendants' labeling of the BluePrint Cold Pressed Juice products with the term "Manifreshto" is false and misleading because its labels do not indicate the juice is subjected to processing, a form of preservation.

23. Though consumers are generally aware of heat being used to process or treat food prior to consumption and to prolong the time until the food spoils, they are not aware that new technologies allow non-thermal processes to achieve similar effects.

24. Defendants seize upon the consumer's unfamiliarity with non-thermal processing by labeling its BluePrint Cold Pressed Juice products as "Never Heated." The implication is that the BluePrint Cold Pressed Juice products are not treated or subjected to an intervening process after the juices are extracted.

25. The labeling of the Products as "Raw" is false and misleading because it implies that there have been no intervening processes applied to the food following the earliest possible time it would be consumable, which would be when the juice is expressed from fruits and vegetables.

26. Additionally, because the intervening process extends the time in which the Products can be consumed before spoiling, enables the Products to be consumed with less risk of harm and causes them to no longer be fresh, it is false, deceptive and misleading to label the Products as raw.

---

[2] 21 C.F.R. § 101.95.

27. The above misrepresentations are material to reasonable consumers.

28. Excluding tax, the BluePrint Cold Pressed Juice products cost between $5.99 and $11.99 while the BluePrint Organic products cost between $3.99 and $5.99, premium prices compared to other products manufactured in multiple, similar production steps.

## Jurisdiction and Venue

29. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

30. Upon information and belief, the aggregate amount in controversy is in excess of $5,000,000.00, exclusive of interests and costs.

31. This Court has personal jurisdiction over defendants because each conducts and transacts business, contracts to supply and supplies goods within New York.

32. Venue is proper because plaintiff and many class members reside in this District and defendants have been doing business in this District and in New York.

33. A substantial part of events/omissions giving rise to the claims occurred in this District.

## Parties

34. Plaintiff is a citizen of Queens County, New York.

35. The Hain Celestial Group, Inc. and Hain BluePrint, Inc. are corporations formed under the laws of Delaware and doing business in New York.

36. Hain Blueprint, Inc. is a wholly-owned subsidiary of The Hain Celestial Group, Inc.

37. In 2016, plaintiff purchased a BluePrint Cold Pressed Juice product for no less than $7.99, excluding tax, at a store within this District.

38. Plaintiff paid a premium for the BluePrint Cold Pressed Juice product because

prior to purchase, he saw and relied upon the product's principal display panel which identified the product by the common or usual name of "Cold Pressed Juice," which plaintiff understood to refer to the product in its finished form, that the product was fresh based on the term "Manifreshto" on the supplemental information panel and that the product was "Raw," located on the principal display panel.

39. Plaintiff purchased the BluePrint Cold Pressed Juice product because he intended to consume a product which possessed the attributes and features described herein and opted against buying a less expensive juice product not so represented.

## Class Allegations

40. Defendants' representations uniformly impacted consumers.

41. The class is all consumers in all states who purchased any of the Products bearing any of the actionable representations described herein, during the period within the applicable statutes of limitations.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

43. The class is so numerous that joinder of all members, even if permitted, is impracticable, as plaintiff believes there are hundreds of thousands of members.

44. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

45. Plaintiff's claims are typical to other members' because all were subjected to the same representations and the basis for relief is common to all members.

46. Plaintiff is an adequate class representative because his interests do not

conflict with other members and he seeks to vindicate his rights.

47. Plaintiff's counsel is competent and experienced in complex class action litigation of consumer protection issues and intends to prosecute this action to adequately and fairly protect class members' interests.

48. No inquiry into individual conduct is necessary since the focus is only on defendants' practices and the class is definable and ascertainable. Individual actions risk inconsistent results, would be repetitive and burdensome and are impractical to justify, as the individual claims are modest.

49. Plaintiff seeks class-wide injunctive relief because the practices continue, with the injunctive class being maintained as a class action because it meets the same criteria as the non-injunctive class.

## Violation of New York General Business Law § 349

50. Plaintiff repeats and realleges each and every allegation contained in all foregoing paragraphs as if fully set forth herein.

51. Defendants' acts or practices are not unique to the parties and have a broader impact on the public.

52. Defendants use "cold pressed juice" differently on the Products' labels.

53. Defendants' labeling and identification of the BluePrint Cold Pressed Juice products as "Cold Pressed Juice" is deceptive because a reasonable consumer understands a product's name to refer to that product in its final, consumable form, in the same way that calories or nutrients in a food are not based on a food before it is finished and ready to eat.

54. Because the juice extracted through being cold pressed is an intermediate product and not the product sold to consumers, and because juice which is only cold pressed

is available to consumers, it is false and misleading to identify the BluePrint Cold Pressed Juice products with the name "Cold Pressed Juice."

55. In contrast, the use of "cold pressed juice" on the BluePrint Organic products is more appropriately and non-deceptively used to describe a feature of those products as opposed to identifying them in their final form.

56. When the FDA addressed what fresh means to reasonable consumers, it determined a product which is processed should not be described as "fresh," either through the word itself or as a part of its branding.

57. Defendants' use of "fresh" as part of the fanciful trademark "Manifreshto" is a part of branding for the BluePrint Cold Pressed Juice products. This labeling is deceptive because it falsely implies the BluePrint Cold Pressed Juice products are not preserved.

58. Defendants' labeling of the Products as "Raw" is deceptive because even though the Products are not treated through the direct application of heat, they are processed and preserved following the point where they could otherwise be consumed, which reduces the risk of harm in consuming the Products and extends their shelf-life.

59. Because defendants did not have to say anything about how the BluePrint Cold Pressed Juice products were made, its voluntary identification and labeling them as "Cold Pressed Juice" was therefore an incomplete or partial representation.

60. The above-referenced representations and omissions (cold pressed juice, fresh and raw) were material facts which plaintiff and class members relied on, paying more for the Products than they would have and not receiving all that they bargained for.

61. As a result, plaintiff and class members are entitled to damages.

<u>Violation of New York General Business Law § 350</u>

62. Plaintiff repeats and realleges each and every allegation contained in all foregoing paragraphs as if fully set forth herein.

63. Defendants' advertising, labeling, packaging and representations of the Products are not unique to the parties and have a broader impact on the public.

64. Defendants' representations of the BluePrint Cold Pressed Juice products are misleading because it identifies them as they existed at an intermediate production step, represents them as fresh even though they are preserved, and describes them as raw.

65. Defendants' representations of Products as raw are misleading because they are not available to consumers after the earliest possible time they would be consumable, are not fresh, are suitable for consumption with less risk of harm and have an extended shelf-life as a result of being processed.

66. These representations and omissions are material, since the additional manufacturing intervention modifies the composition of the intermediate juice product.

67. Defendants' false advertising was relied upon by plaintiff and class members, who paid a premium for the Products greater than the amount they otherwise would have paid and did not receive all that they bargained, which was a juice product made through being cold pressed that was not subjected to additional production steps.

68. As a result, plaintiff and class members are entitled to damages.

### Fraudulent Misrepresentation

69. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

70. Defendants knowingly identified the BluePrint Cold Pressed Juice products through the common or usual name of "Cold Pressed Juice," and labeled them Raw and

"fresh," despite carrying out additional treatment and processing on the juice after extraction.

71. Defendants were not required to disclose any information relating to production methods used, but given their voluntary disclosures, it was misleading to provide half the truth, since the representations fail to state additional or qualifying matter.

72. The failure to fully disclose that BluePrint Cold Pressed Juice products were subjected to processing after being extracted was calculated to induce a false belief that they were raw, fresh and compositionally different than they actually were.

73. Defendants' fraudulent misrepresentations were reasonably relied upon by plaintiff and class members, who paid a premium for the BluePrint Cold Pressed Juice products greater than what they would have paid and did not receive all they bargained for, thereby suffering damages.

## Fraud

74. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

75. Defendants represent the BluePrint Cold Pressed Juice products as "fresh" through use of the registered trademark "Manifreshto."

76. When "Manifreshto" was registered in 2011, BluePrint juice products were available for sale which were not processed. At some point after 2011 but at least three years prior to present, all of the BluePrint juice products were processed.

77. Defendant Hain Celestial is one of the largest health food companies in the world and it strains belief that they would not be aware of the relevant regulations proscribing use of the term "fresh" in the manner described here.

78. "Fresh" has been one of the designations most valued by consumers when

deciding on purchasing a product and is material.

79. In conjunction with its representations of the BluePrint Cold Pressed Juice products as raw and "Cold Pressed Juice," and omissions that the products were processed, defendants intended to induce reliance by consumers that the products were fresh and in their raw state.

80. Defendants' actions give rise to and support a strong inference of fraudulent intent, which entitle plaintiff and class members to damages.

<p align="center">Implied Warranty of Merchantability</p>

81. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

82. Defendants manufacture, distribute and sell juice, and warranted to plaintiff and class members that the BluePrint Cold Pressed Juice products were raw and fresh, and that the final finished food was "Cold Pressed Juice."

83. The BluePrint Cold Pressed Juice products do not conform to the affirmations of fact and promises and in accompanying literature, wholly due to defendants' actions.

84. As a result of breaching the implied warranty of merchantability, plaintiff and class members were damaged in the amount paid for BluePrint Cold Pressed Juice products.

<p align="center">Unjust Enrichment</p>

85. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

86. Defendants obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, plaintiff, on behalf of himself and all others similarly situated, prays for judgment:

1. Declaring this a proper class action and certifying plaintiff as class representative;

2. Entering preliminary and permanent injunctive relief and directing defendants to correct their practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law claims and GBL §§ 349, 350;

4. Awarding plaintiff and class members costs and expenses incurred, including reasonable allowance of fees for plaintiff's attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated: September 2, 2017

Respectfully submitted,

Levin-Epstein & Associates, P.C.

By: /s/ Joshua Levin-Epstein
Joshua Levin-Epstein
1 Penn Plaza, Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108
joshua@levinepstein.com

Sheehan & Associates, P.C.

By: /s/ Spencer Sheehan
Spencer Sheehan
891 Northern Blvd., Suite 201
Great Neck, NY 11021
Tel: (516) 303-0552
Fax: (516) 234-7800
spencer@spencersheehan.com

1:17-cv-5191
United States District Court
Eastern District of New York

Josh Davis, individually on behalf of himself and all others similarly situated,

                Plaintiff,

  - against -

The Hain Celestial Group, Inc. and Hain Blueprint, Inc.,

                Defendants.

## Complaint

Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108
joshua@levinepstein.com

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: September 2, 2017
       New York, New York

                                        /s/ Joshua Levin-Epstein
                                        Joshua Levin-Epstein