633 WEST 5TH STREET SUITE 3600 LOS ANGELES, CA 90071-2054

JENNER&BLOCK LLP

November 20, 2017

Kenneth K. Lee
Tel  +1 213 239 5152
klee@jenner.com

**VIA ECF AND HAND DELIVERY**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Davis v. The Hain Celestial Group, Inc. et al.*, Case No. 1:17-cv-05191-ARR-RML

Dear Judge Ross:

On behalf of Defendants The Hain Celestial Group, Inc. and Hain Blueprint, Inc., we write to request a pre-motion conference seeking permission to file a motion to dismiss.

### I.    Brief Background and Introduction

BluePrint juice beverages are made with organic fruit and vegetables juices that are "cold pressed" (*i.e.*, extracted using hydraulic pressure).  Further, BluePrint beverages are exposed to high pressures to kill potentially harmful pathogens and meet the food safety guidelines set by the U.S. Food and Drug Administration ("FDA").[1]

Notably, Plaintiff Josh Davis acknowledges that the fruit and vegetable juices used in BluePrint beverages are extracted through cold-pressing.  Nonetheless, he argues that the description of the products as "Cold Pressed Juice" is somehow misleading because of the high pressure Pascalization ("HPP") that is used to ensure the beverages are safe to drink.  Compl., ¶¶ 12, 17.  According to Plaintiff, this non-thermal processing, which "enables the Products to be consumed with less risk of harm," also "causes them to no longer be fresh" in his mind.  *See* Compl., ¶¶ 24-26.  He also objects to the terms "raw" and "Manifreshto" that appeared on the bottles as allegedly misleading.  As set forth below, Plaintiff's claims are meritless and should be dismissed for several independent reasons.

---

[1] *See* 21 C.F.R. §§ 120.1, 120.24 (setting minimum levels of microorganism reduction required for fruit and vegetable juices); *see also Guidance for Industry: Juice HACCP Hazards and Controls Guidance First Edition; Final Guidance*, 2004 WL 3199077, at *32 (Mar. 3, 2004), also available at https://www.fda.gov/Food/GuidanceRegulation/Guidance DocumentsRegulatoryInformation/ucm072557.htm (recommending high pressure processing as a non-thermal option for sanitizing juice without the use the of radiation or a chemical agent).

Honorable Allyne R. Ross
November 20, 2017
Page 2

## II. The Complaint Must Be Dismissed Because the Challenged Phrases Are Factually True and Not Likely to Deceive a Reasonable Consumer.

To prevail on his consumer fraud claims, Plaintiff must show that Defendants' allegedly deceptive statements "were likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). This is an "objective" standard, which is not defined by the unique views of the particular consumer before the Court. *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007). Here, Plaintiff's claims must be dismissed because it is because it is clear that the challenged statements would not have misled a reasonable consumer. *Fink*, 714 F.3d at 741.

First, the phrase "Cold Pressed Juice" is a factually true description of the method used to extract the fruit and vegetable juices used in BluePrint beverages. As Plaintiff admits in his Complaint, "[c]old pressing is the first main production step used to manufacture the Products." Compl., ¶ 12. Reasonable consumers understand that the phrase refers to how the juices are extracted, and are unlikely to share Plaintiff's idiosyncratic view that the juices somehow cease to be "cold pressed" if they are pressurized to kill bacteria.

Second, the term "Raw" is not misleading since it is undisputed that BluePrint beverages are never heated. Compl., ¶ 58. A reasonable consumer reading the BluePrint label would understand the term "Raw" to mean just that — that BluePrint beverages are not heated or pasteurized. *See* Merriam-Webster Dictionary (defining "raw" as "not cooked"); *Union Pac. R.R. Co. v. Ore-Ida Potato Prod.*, 252 F.2d 505, 508 (9th Cir. 1958) ("Rawness can be overcome only by the application of heat."). Moreover, any ambiguity about whether the juices are processed for safety is clarified by the product packaging, which expressly discloses that "BluePrint uses pressure instead of heat to keep our beverages raw and safe. We don't cook juice!" Ex. __; *see Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 391–92 (E.D.N.Y. 2017) (dismissing GBL claims where the product label "as a whole . . . would not mislead a reasonable consumer.").

Finally, Plaintiff complains that the term "fresh" is misleading because it has been processed by pressure. But contrary to Plaintiff's allegations, Defendants do not advertise BluePrint beverages as "fresh." Rather, Defendants used the trademark term, "Manifreshto" — a cheeky play on the term "manifesto" — to refer to the four "simple rules," or tenets, listed immediately below that pun. Ex. __. These tenets emphasize BluePrint's commitment to the idea that "[j]uice should never be cooked" since "[c]ooking juice reduces vitamins and live enzymes." Ex. __. Given the label's clear description of its "Manifreshto," a reasonable consumer is unlikely to interpret the fanciful mark to mean that the product has not been subject to any processing. And any such interpretation would be readily dispelled by the label's disclosure that "BluePrint uses pressure instead of heat to keep our beverages raw and safe." Ex. __; *see Fink*, 714 F.3d at 742 (explaining that "the presence of a disclaimer or similar clarifying language may defeat a claim of deception," and cautioning that a plaintiff "may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss.").

Honorable Allyne R. Ross
November 20, 2017
Page 3

### III. Plaintiff's Fraud Claims Must Be Dismissed Because He Has Not Sufficiently Alleged Fraudulent Intent.

To state a claim for fraud under New York law, "plaintiffs are required to allege facts that give rise to a strong inference of fraudulent intent." *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997) (internal quotation omitted). This "strong inference" may be established "(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Here, Plaintiff has done neither. His only allegation relating to this scienter requirement is his barebones assertion that Defendants "knowingly" misrepresented that BluePrint juice products were not processed. Compl., ¶¶ 70-72, 77-79. This allegation is not only devoid of any factual support, but is directly contradicted by the product label, which discloses that "Blue Print uses pressure . . . to keep our beverages raw and safe." Ex. __. Since Plaintiff has provided "no particularized facts" showing that Defendants acted recklessly or with intent to defraud, his fraud and fraudulent misrepresentation claims must be dismissed. *Liberty Mut. Ins. Co. v. WAWA Tours, Inc.*, No. 07-0880, 2007 WL 2743500, at *6-7 (E.D.N.Y. Sept. 18, 2007).

### IV. Plaintiff's Other Causes of Action Fail as a Matter of Law.

Plaintiff's breach of implied warranty of merchantability claim must be dismissed because Plaintiff does not allege that he purchased the products directly from Defendants or that he suffered any personal injury. In New York, "[t]he law is clear that, absent any privity of contract between Plaintiff and Defendant," a breach of implied warranty claim "cannot be sustained as a matter of law except to recover for personal injuries." *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015); *Gould v. Helen of Troy Ltd.*, No. 16-2033, 2017 WL 1319810, at *5 (S.D.N.Y. Mar. 30, 2017) (dismissing breach of implied warranty of merchantability claim for lack of privity).

Likewise, Plaintiff's unjust enrichment claim fails as a matter of law because it relies on the same facts as his other causes of action. *See Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790–91 (2012) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (dismissing unjust enrichment claim because it was "duplicative" of plaintiff's GBL and fraud claims).

For all the foregoing reasons, Defendants respectfully request a pre-motion conference in order to seek permission to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

/s/ Kenneth K. Lee