Levin-Epstein & Associates, P.C.  
1 Penn Plaza, Suite 2527  
New York, NY 10119

212.792.0046 (t) 212.563.7108 (f)

joshua@levinepstein.com

January 8, 2018

Honorable Allyne R. Ross  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

                                    Re:    Davis v. The Hain Celestial Group, Inc. et al.  
                                            Case No. 1:17-cv-05191(ARR)(RML)

Dear Judge Ross:

       On behalf of plaintiff, this letter is in response to defendants' letter of December 27, 2017 [Dkt. 12] requesting a pre-motion conference to seek dismissal of the first amended complaint ("FAC") under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, such a conference is not necessary because defendants' arguments are without merit.

       I.     Defendants' Reliance on the Truthfulness of the Cold-Pressed Claim is Misplaced

      Defendants argue that, as a matter of law, no reasonable consumer would be misled by "the phrase 'Cold Pressed Juice'" because it "is a factually true description of the method used to extract the fruit and vegetable juices used in BluePrint beverages." Dkt. 12, p.1.

      However, the FAC alleged that "cold pressed juice is misleading as an identification and description of the products" because a "reasonable consumer understands a product's name to refer to it in its final, consumable form, in the same way that calories or nutrients in a food are not based on a food before it is finished and ready to eat." FAC, ¶¶ 100-01; *Langan v. Johnson & Johnson Consumer Companies*, 95 F.Supp.3d 284, 289 (D. Conn. 2015) ("it seems unlikely that a reasonable consumer would distinguish between the active 'sunscreen ingredients' and the 'non-sunscreen ingredients' inside a container.").

      Moreover, the FAC is clear that "defendants utilize the term 'cold press' in the precise spot consumers are accustomed to seeing the truthful and non-misleading product name," not merely to describe one of several "features" of the products. FAC, ¶ 43. What defendants refer to as "a convoluted argument based on semantics" is nothing more than describing how a label consists of a noun (i.e., tomatoes) preceded by a modifying term or descriptor (i.e., canned). Dkt. 12, p.2; Compliance Policy Guide ("CPG") Sec. 562.450, Identity of Foods - Use of Terms Such as Fresh, Frozen, Dried, Canned, Etc. ("To avoid misrepresentation and provide information needed to assure proper storage, food labels should include in the name or statement of identity appropriate descriptive terms such as pasteurized, canned, frozen, or dried.").

1

The cold-pressed claims do not exist by themselves, but are complemented by other misleading statements such as "raw" and "Manifreshto," which comprise "the entire mosaic," or surrounding context. *Belfiore v. Procter & Gamble Company*, No. 14-cv-4090 (E.D.N.Y. Oct. 5, 2015); FAC, ¶¶ 46, 103.

Though defendants claim its description of the Products as "Raw" "is not misleading since it is undisputed that BluePrint beverages are never heated," the FAC stated that reasonable consumers understand the term "raw" "in the context of a food safety effect, i.e., thermal pasteurization to milk or grilling a hamburger," and "refer[ring] to a product in its unprocessed, unpreserved state." Dkt. 12, p.3; FAC, ¶ 54.

In light of the other representations – "cold-pressed," "raw," and "never heated" – plaintiff asserts "Manifreshto" contributes to the impression the Products are not processed after being cold-pressed. FAC, ¶¶ 57, 103. Defendants argue that "Manifreshto" has nothing to do with whether the products are processed, and is intended to describe a juice which isn't "cooked." Dkt. 12, p.3.

The alternate definitions for "raw" and "fresh" supplied by the parties make this an issue which cannot be resolved at the pleading stage. *Dependable Sales & Service, Inc. v. TrueCar, Inc.*, No. 15-cv-1742, (S.D.N.Y. Jan. 6, 2016) ("The Court cannot resolve these competing definitions on a Rule 12(b)(6) motion, which scrutinizes only the Complaint and the documents integral thereto.").

II. Non-Cold-Pressed and Heat Pasteurized Ingredients Make it Misleading to Describe Entirety of Product as "Cold-Pressed" and Not Heated

The FAC alleged that it is misleading to describe the products as "cold-pressed" because the lemon juice in *all* of the varieties are not derived through this method of juice production. FAC, ¶ 23; *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288 (S.D.N.Y. 2014) citing *Wilson v. Frito-Lay N. Am., Inc.*, 2013 WL 1320468, at *12-13 (N.D. Cal. Apr. 1, 2013) (deeming sufficient allegations that "a reasonable consumer could interpret a bag of chips claiming to have been 'Made with ALL NATURAL Ingredients' to consist exclusively of natural ingredients…because [e]ven though the nutrition box could resolve any ambiguity, the Court cannot conclude as a matter of law, in the context of a Rule 12(b)(6) motion, that no reasonable consumer would be deceived by the [labels].").

Further, the thermal pasteurization which plaintiff has alleged occurs in the processing of the lemon juice means that even accepting defendants' definition of "raw" as true (the opposite of the standard applied on this proposed motion), it is false and misleading to describe the Products in this manner. FAC, ¶ 58.

III. Absence of Clear Disclaimers Contribute to Misleading Labels

In support of dismissal, defendants rely on purported disclaimers. Dkt. 12, p.2 (the Products "expressly disclose…that they have undergone pressurization" and FAC, ¶ 37, "the BluePrint bottle [, which] discloses that "BluePrint uses pressure . . . to keep our beverages raw and safe.").

Though "[C]lear disclaimers inform the inquiry into whether a reasonable consumer would be misled by the defendant's conduct," defendants' disclaimers cannot plausibly defeat plaintiff's claim of deception. *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390 (E.D.N.Y. 2017).

This is because (1) there is no clear statement as to production step after cold-pressing nor mention of "high pressure Pascalization," (2) the inconspicuous location at the bottom of a supplemental information panel, (3) the small font and (4) the mixed message conveyed to consumers by using the same explanatory terms for two different procedures. FAC, ¶¶ 51, 53 ("common etymological origin…in the word 'press'… fail[ing] to demarcate where one 'pressure' step begins and the other ends."); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 675 (E.D.N.Y. 2017) ("Whether or not a disclaimer defeats a claim of deception requires an analysis of 'factors such as the font size and placement of the disclaimer as well as the relative emphasis placed on the disclaimer and the allegedly misleading statement.'")

According to defendants, the fact that the purchase was made in a grocery store as opposed to a "specialized, stand-alone" store, with a price differential of $2 for four ounces, and had a shelf-life which possibly exceeded 3-5 days was sufficient to tip plaintiff off as to the high pressure Pascalization carried out. Dkt. 12, p.2. This argument is without any basis in fact as it attempts to impute <u>counsel's description</u> of "the emergence of the cold-pressed juice market" to plaintiff. Dkt. 12, p.2 quoting FAC, ¶ 12.

IV. <u>Unlike Defendants' Authorities, the Present Labels are Bereft of Disclaimers</u>

Finally, defendants misrepresent the amount of the more expensive and premium ingredients in certain varieties. It is reasonable for consumers to get this impression because those ingredients - including arugula, chard and beets – are listed first on the front label and the other label elements reflect the color of that ingredient (i.e., the graphics on the beet product are red). *Albert v. Blue Diamond Growers*, No. 15-cv-4087, 2015 WL 9450579, at *5 (S.D.N.Y. Oct. 21, 2015) (finding plaintiff adequately stated claims against almond-milk company for alleging more than the two-percent almonds actually contained).

V. <u>Defendants' Request for a Pre-Motion Conference Should be Denied</u>

For all the above reasons, plaintiff respectfully requests that the Court deny defendants' request for a pre-motion conference as futile, given the numerous clear questions of fact, and order defendants to file an answer. Thank you.

                                                                     Respectfully submitted,

                                                                     /s/ Joshua Levin-Epstein
                                                                     Joshua Levin-Epstein

cc: Defendants' Counsel (via ECF)